OPINION. Johnson, Judge: The United States Court of Appeals for tne Fifth Circuit determined in A. C. Burton & Co. v. Commissioner, 190 F. 2d 115, reversing 14 T. C. 290, that A. C. Burton & Company, the petitioner herein, which had acquired substantially all of the properties of a sole proprietorship, was an “acquiring corporation” within the provisions of section 740 (a) (1) (D) of the Code. This determination was contrary to the contention of the respondent and to. our prior opinion. Respondent, however, alternatively contended on brief that if petitioner was an acquiring corporation the base period net income of the proprietorship should be reduced by the reasonable salaries for the base period, and also by the finance net income for the years 1936 and 1937. These alternative contentions are before us now. Section 35.742-1, Regulations 112, provides that a reasonable salary to the sole proprietor for personal services rendered shall be allowed, and further that this is a necessary adjustment in computing the excess profits net income for the base period years. It has been stipulated that $750 per month was a reasonable salary for Burton during the years 1936 through 1939. This amount shall be used as an adjustment in computing excess profits net income for the base period years. Inasmuch as the parties do not now contest this issue, further discussion will be superfluous. The parties are not in agreement, however, with the treatment of finance net income for the years 1936 and 1937. Therefore, we shall now consider this issue which we found unnecessary to consider under our prior holding. The gist of respondent’s contention on this issue was that Burton during 1936 and 1937 was in the finance business as well as the automobile business, and that petitioner as an “acquiring corporation” did not acquire, in the transaction which took place on July 1, 1940, the finance business of the proprietorship. Respondent concludes that this finance business was acquired by the Burton Finance Company when it was organized on October 14, 1938. Therefore, the finance income for 1936 and 1937 should be excluded from the net income of the proprietorship in computing petitioner’s excess profits credit under section 742. On the other hand, petitioner contends that the handling of installment paper was not a separate business but rather an integral part of the general automobile dealership, and as such the finance income for the years 1936 and 1937 should be included when computing its average base period net income. An acquiring corporation under section 742 may use the earning experience of its predecessor in computing its excess profits credit. However, we fail to see a. requirement in section 742 of the Code or its corresponding regulations that would compel a corporation to compute its average base period net income on a departmental basis. This is what the respondent would require of the petitioner. While respondent cites no precedent for an exclusion of the finance income, we should give serious weight to his argument if the net income in controversy had been derived from an activity wholly unrelated to the business of a dealer in automobiles. However, this is not the present situation. The business of petitioner in 1940 was a general automobile dealership. The business of the proprietorship during the base period years was the same automobile dealership. Installment paper in varying amounts was handled by both forms of business. Finance income was not independent income but rather depended entirely upon automobile sales under, some deferred payment plan. It was in the normal course of trade that the proprietorship acquired installment notes in payment for cars just as it acquired used cars traded in for new cars. Whether it held the notes and derived a profit from finance charges and interest or sold the notes at a discount to procure ready cash was a matter of business discretion. It was not a matter of operating a separate finance business. The finance income was properly part of proprietorship income just as income from the sale of used cars or income from maintenance and repair was proprietorship income and includible in computing base period net income. There was never a time during the base period when the proprietorship did not receive some finance income. The value of notes held varied and sharply decreased after 1937, but it is equally true that petitioner held botes in 1940 after it acquired the business. We perceive no reason for eliminating the finance net income for the years 1936 and 1937 when computing base period net income. On the issue concerning the finance income herein involved we sustain petitioner’s contention. Decision will be entered v/nder Rule 50.